Citation Nr: 1513881 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 10-40 499A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to an initial higher rating for service-connected irritable bowel syndrome (IBS), evaluated as noncompensably disabling prior to May 15, 2014, and 30 percent disabling thereafter.

2. Entitlement to an initial higher rating for service-connected skin disorder, evaluated as noncompensably disabling prior to May 15, 2014, and 10 percent disabling thereafter.

3. Entitlement to an initial compensable rating for a service-connected tension headache disorder.


REPRESENTATION

Veteran represented by: North Carolina Division of Veterans Affairs



WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Nicole L. Northcutt, Counsel


INTRODUCTION

The Veteran served on active duty from October 1988 to October 2008. 

These matters are before the Board of Veterans' Appeals (Board) on appeal of a rating decision issued in December 2008 by the Winston Salem, North Carolina, Regional Office (RO) of the Department of Veterans Affairs (VA).

In November 2012, the Veteran appeared at a hearing before the undersigned. A transcript of the hearing has been associated with the Veteran's claims file.

In January 2014, the Board remanded the case for further development, which has been completed to the extent necessary. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

In October 2014, the RO increased the Veteran's irritable bowel syndrome and headache disorder disability ratings to 30 percent and 10 percent, respectively, effective from May 15, 2014.

The issue of entitlement to an initial higher rating for a skin disorder is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).

 
FINDINGS OF FACT

1. Prior to May 15, 2014, the Veteran's irritable bowel syndrome was moderate, as it was manifested by frequent episodes of bowel disturbance, but not near constant abdominal distress.

2. After May 15, 2014, the Veteran is in receipt of the highest schedular rating available for irritable bowel syndrome, and there are no manifestations of the service-connected gastrointestinal disorder that allow a higher disability rating to be assigned under other applicable rating criteria.

3. Throughout the rating period on appeal, the Veteran has not reported experiencing characteristic prostrating migraine headache attacks that occur an average of once every two months over the last several months.


CONCLUSIONS OF LAW

1. The criteria for a 10 percent rating, but no higher, for irritable bowel syndrome for the period prior to May 15, 2014, are met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.7, 4.114, Diagnostic Code 7319 (2014).

2. The criteria for a rating higher than 30 percent for irritable bowel syndrome after May 15, 2014, are not met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.7, 4.114, Diagnostic Code 7319 (2014).

3. The criteria for an initial compensable disability rating for migraine headaches are not met. 38 U.S.C.A. §§ 1155, 5107(b) (West 2014); 38 C.F.R. §§ 4.1, 4.2, 4.7, 4.124a, Diagnostic Code 8100 (2014).




REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA's Duties to Notify and Assist

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2014).

With regard to VA's duty to notify, this appeal arises from the Veteran's disagreement with the disability ratings initially assigned upon the grant of service connection for irritable bowel syndrome and tension headaches. Once a decision awarding service connection has been made and a disability rating has been assigned, section 5103(a) notice is no longer required, as the claim has been substantiated.

With regard to VA's duty to assist, the Veteran's service and post-service treatment records have been obtained. Pursuant to the Board's remand directives, the RO was directed to obtain the entirety of the Veteran's post-service naval hospital treatment records, as at the time of the remand, the only treatment of record consisted of the 2011 and 2012 naval hospital treatment records. In a March 2014 statement and May 2014 release, the Veteran represented that he was submitting the entirety of his post-service treatment for his claimed disabilities. He indicated that he had not sought treatment from a Dr. Hess, and had self-treated his headaches. Therefore, there are no records to obtain from Dr. Hess. Accordingly, further efforts to obtain additional records would have been fruitless, and any failure on the part of the RO to request such records is non-prejudicial.

Furthermore, the Veteran was afforded VA examinations in 2008 and 2014 to assess the severity of his irritable bowel syndrome and headache disorder, and the Board finds that these examinations are sufficient for adjudicatory purposes. The examination reports reflect that the examiners conducted thorough clinical evaluations and recorded findings applicable to the rating criteria. Additionally, the Veteran participated in a Board hearing during which he reported the symptomatology and severity of his headaches and irritable bowel syndrome.

In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the Court held that 38 C.F.R. § 3.103(c)(2) requires that the Veterans Law Judge who conducts a hearing fulfill two duties to comply with the above regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. The undersigned set forth the issues to be discussed at the hearing, and sought to identify any pertinent evidence not currently associated with the claims folder that might have been overlooked or was outstanding that might substantiate the claims. The undersigned also specifically focused on the adequacy of the 2008 VA examinations and ascertained whether the Veteran's symptomatology had increased since these examinations. The Veteran has not asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2) , nor has he identified any prejudice in the conduct of the Board hearing. Moreover, the Board remanded the case following this hearing in order to procure new examinations and obtain any outstanding evidence that might substantiate the claims. As such, the Board finds that consistent with Bryant, there is compliance with the duties set forth in 38 C.F.R. § 3.103(c)(2) and that the Board can adjudicate the claims for headaches and IBS based on the current record.

Increased Rating Claims

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C.A. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history, and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of a veteran working or seeking work. 38 C.F.R. § 4.2. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.

While the regulations require review of the recorded history of a disability by the adjudicator to ensure an accurate evaluation, the regulations do not give past medical reports precedence over the current medical findings. Where an increase in the disability rating is at issue, the present level of a veteran's disability is the primary concern. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). Staged ratings are appropriate for an increased rating claim whenever the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007).

Irritable Bowel Syndrome 

The Veteran's irritable bowel syndrome has been evaluated as noncompensably disabling prior to May 2014, and 30 percent disabling thereafter, pursuant to Diagnostic Code 7319, which outlines the rating criteria for irritable bowel syndrome. 

Under Diagnostic Code 7319, a noncompensable rating is assigned for mild irritable colon syndrome with disturbances of bowel function with occasional episodes of abdominal distress. A 10 percent rating is assigned for moderate irritable colon syndrome with frequent episodes of bowel disturbance with abdominal distress. The maximum schedular 30 percent rating is assigned for severe irritable colon syndrome with diarrhea, or alternating diarrhea and constipation, with more or less constant abdominal distress. 38 C.F.R. § 4.114, DC 7319.

The relevant evidence of record includes the Veteran's 2008 VA examination report, treatment records from 2011 through 2012, 2014 Board hearing testimony, and 2014 VA examination report. 

During his June 2008 VA examination, the Veteran reported experiencing abdominal pain one- to two-thirds of the year and that his irritable bowel syndrome exacerbations are characterized by diarrhea, or alternating diarrhea and constipation, occurring two to three times per week, and lasting two to three hours per episode. During such an episode, he cannot imbibe water without triggering diarrhea. He reported experiencing three exacerbations of his irritable bowel syndrome in the past year.

In November 2011, the Veteran sought treatment after a recent exacerbation of his irritable bowel syndrome. He reported that in the past several years, his irritable bowel syndrome had occurred three to four times per year and that his recent episode had lasted approximately ten days. In October 2012, the Veteran again sought treatment for his irritable bowel syndrome symptoms, at which he time he reported that his symptoms and frequency (quarterly, 10 day episodes) had remained unchanged since he sought treatment in 2011.

During his January 2014 Board hearing, the Veteran testified that he experienced abdominal pain and alternating episodes of diarrhea and constipation, which once caused him to miss work. However, the Veteran did not specify how frequently these episodes occurred.

During his May 2014 VA examination, the Veteran reported experiencing alternating bouts of diarrhea followed by periods of constipation, which the examiner characterized as occurring frequently, but not creating more or less constant abdominal distress. The Veteran stated that he had experienced symptoms weekly and that he had more than seven exacerbations of his irritable bowel syndrome within the past year. He further reported that his symptoms had caused him to leave meetings early during periods of exacerbation and to miss three days of work in the past year.

For the period prior to May 2014, during which the Veteran is in receipt of a noncompensable evaluation, the analysis regarding the appropriate rating for this period turns on an interpretation of the frequency and severity of the Veteran's reported irritable bowel syndrome symptoms. Specifically, the Board must determine whether these reports are most consistent with mild irritable bowel syndrome, resulting in occasional episodes of irritable bowel syndrome; moderate symptoms resulting in frequent episodes; or severe symptoms resulting in near constant symptoms. When considering the totality of the evidence from this rating period, the Board finds that the Veteran's symptoms are most accurately described as moderate, with frequent episodes. In that regard, during his 2008 VA examination, he reported experiencing abdominal pain one- to two-thirds of the year, and when seeking treatment for his irritable bowel syndrome symptoms in 2011 and 2012, the Veteran reported experiencing approximately 40 episode days per year, which equates to an approximate average of one episode day per week. Thus, the evidence from this period reflects a basis for awarding a 10 percent evaluation for moderate irritable bowel syndrome with frequent symptoms. 

A higher rating of 30 percent for severe irritable bowel syndrome with near constant symptoms is not warranted, given the Veteran's reports that his abdominal pain was not constant (only occurring one- to two-thirds of the year) and that he only experienced episodes approximately 40 days per year. 38 C.F.R. §§ 4.7, 4.114, DC 7319.

With regard to the rating period commencing in May 2014, the Veteran is in receipt of a 30 percent rating, the maximum available schedular rating pursuant to the rating criteria for irritable bowel syndrome. Pursuant to the schedule of ratings for the digestive system, a rating higher than 30 percent is available under Diagnostic Codes that outline the rating criteria for loss of tongue, esophageal stricture, perineal adhesions, a duodenal ulcer, a marginal ulcer, hypertrophic gastritis, post-gastrectomy syndromes, cirrhosis of the liver, ulcerative colitis, small or large intestine resection, an intestinal fistula, tuberculosis peritonitis, anal sphincter or stricture impairment, a prolapsed rectum, an inguinal hernia, a post-operative ventral hernia, digestive malignant neoplasms, chronic liver disease without cirrhosis, hiatal hernia, vagotomy, liver transplant, or hepatitis C. 

As the Veteran's gastrointestinal disorder has been classified as irritable bowel syndrome, with no other gastrointestinal disorders diagnosed or symptoms evidenced, a higher rating may not be assigned under one of the related Diagnostic Codes. Thus, the preponderance of the evidence is against the claim for an increased schedular rating at any time during the appeal period; there is no doubt to be resolved; and an increased rating is not warranted. 38 C.F.R. §§ 4.7, 4.114, DC 7319.



Headache Disorder

Throughout the rating period, the Veteran's headache disorder has been rated as noncompensably disabling under 38 C.F.R. § 4.124a, Diagnostic Code 8100. Pursuant to the rating criteria outlined in Diagnostic Code 8100, a compensable rating of 10 percent rating is assigned when the evidence reflects that a Veteran experiences characteristic prostrating attacks that occur an average of once every two months over the last several months. A 30 percent rating is assigned when the characteristic prostrating attacks occur on an average of once a month over last several months. A 50 percent rating, which is the highest schedular rating pursuant to this Diagnostic Code, is assigned when completely prostrating and prolonged attacks occur very frequently and are productive of severe economic inadaptability. 

During his June 2008 and May 2014 VA examinations, the Veteran reported that he self-treats his tension headache episodes, which resolve within one day, with over-the-counter medications. He reported becoming photosensitive and very irritable when experiencing a headache, but did not report becoming incapacitated or experiencing other symptoms synonymous with a "prostrating" headache episode. Moreover, during both examinations, the examiners stated that his headaches were not prostrating in nature. 

As the Veteran has not reported that his headache episodes are prostrating in nature; as both VA examiners have stated that the Veteran's headache episodes are not prostrating in nature; and as the rating criteria for a compensable evaluation requires evidence of prostrating headache episodes, such a compensable evaluation is not warranted in this case. 38 C.F.R. §§ 4.7, 4.124a, DC 8100.

Extraschedular Consideration

With regard to whether referral for an extraschedular evaluation is warranted with regard to the Veteran's irritable bowel syndrome and headache disorder, the evidence shows that the Veteran's service-connected irritable bowel syndrome results in frequent symptoms of abdominal pain, diarrhea, and constipation, and that his headache disorder results in pain and disruption to his daily life. These reported symptoms are all expressly considered in the applicable rating criteria, and higher evaluations are available under both the gastrointestinal and neurological rating criteria. Accordingly, the rating criteria considered in this case reasonably describe the Veteran's disability levels and these symptoms, and the Veteran has not reported symptoms not contemplated by the rating criteria. Thus, the Veteran's disability pictures are contemplated by the rating schedule, the assigned schedular evaluations for the service-connected disabilities are adequate, and referral is not required. Thun v. Peake, 22 Vet. App. 111 (2008); 38 C.F.R. § 3.321(b)(1). 

Further, as the Veteran has reported maintaining full-time employment throughout the appeal period, the Board need not address whether a claim for a total disability rating based on individual unemployability (TDIU) has been implicitly raised as part and parcel of the increased rating claims on appeal. See Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). 


ORDER
 
Prior to May 15, 2014, a 10 percent rating, but no higher, for irritable bowel syndrome is granted.

After May 15, 2014, a rating higher than 30 percent for irritable bowel syndrome is denied.

An initial compensable rating for a headache disorder is denied. 


REMAND

With regard to the remaining increased rating claim on appeal, the Veteran's claim for a higher rating for a service-connected skin disorder, neither the 2008 nor 2014 VA examinations were conducted during an active stage of the Veteran's skin disorder, and therefore, there are no findings regarding the percentage of the Veteran's body affected by his skin disorder. However, during his 2014 VA examination, the Veteran reported that he still experiences regular flare-ups of his skin disorder, and 2011 and 2012 dermatological treatment records reflect that the Veteran's skin disorder affects his chest, abdomen, back, and upper and lower extremities, but not what portion of those parts, or what portion of the Veteran's entire body, are affected. As this information is required to determine whether the Veteran is entitled to a higher rating, a new VA examination, to be performed in an active stage of the Veteran's skin disorder, is required. See Ardison v. Brown, 6 Vet. App. 405, 407-08 (1994); 38 C.F.R. § 4.118, Diagnostic Code 7806 (2014).

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for a VA dermatological examination to determine the current severity of the Veteran's skin disorder. With any cooperation required from the Veteran, schedule the examination, to the extent possible, during an active phase of his skin disorder. 

The Veteran's claims file, to include all electronic files, must be made available for review. After reviewing the claims file, the examiner is to elicit a history of the Veteran's skin disorder, including the type and frequency of the medications used to treat his skin disorder. 

Then, the examiner is to conduct a relevant clinical examination and state what portion of the Veteran's body is affected by his skin disorder, to include both exposed and non-exposed areas. If the examination is conducted during a non-active stage of the Veteran's skin disorder, the examiner is to estimate the portion of the Veteran's body affected by his skin disorder during an active stage, based on the examination, to include the Veteran's reports.

2. Then, readjudicate the Veteran's claim for a higher initial rating for his skin disorder. If the full benefit sought remains denied, issue a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




____________________________________________
S. HENEKS
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs